IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JONATHAN HITT,
    Plaintiff,

-vs-

CAUSE NO.:
AU-17-CA-00289-SS

MARSHA MCLANE, in her official and
individual capacities as Executive Director
of the Texas Civil Commitment Office;
BRIAN THOMAS, in his individual and
official capacities as Facility Director of the
Texas Civil Commitment Center; TRAVIS
COUNTY SHERIFF'S OFFICE; TEXAS
CIVIL COMMITMENT CENTER; and
CORRECT CARE RECOVERY
SOLUTIONS, LLC,
    Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendants Brian Thomas, Texas Civil Commitment Center (TCCC), and Correct Care Recovery Solutions (CCRS)'s Motion to Dismiss for Failure to State a Claim [#11] and Plaintiff Jonathan Hitt's Response [#29] in opposition; Defendant Marsha McLane's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [#12], Hitt's Response [#28] in opposition, and McLane's Reply [#39] in support; Defendant Travis County Sheriff's Office (TCSO)'s Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [#25]; Plaintiff Jonathan Hitt's Motion to Amend Complaint [#34]; United States Magistrate Judge's Report and Recommendations [#45], Hitt's Motion for Extension of Time to File Objections [#48],[1] and Hitt's Objections [#50]; as well as Hitt's Motion for Partial Summary Judgment [#43] and

---

[1] Because the Court's order herein addresses Hitt's belatedly filed objections, Hitt's Motion for Extension of Time to File Objections [#48] is DISMISSED as moot.

1



Defendant Marsha McLane's Response [#49] in opposition. Having reviewed the documents, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

## Background

Though the Magistrate Judge's report examines the factual posture of this case at length, *see* R. & R. [#45] at 1–10, the Court briefly relays the facts relevant to the pending motions.

In July 1999, Hitt was convicted on eight counts of indecency with a child and sentenced to ten years in prison. *Id.* at 2. In 2009, shortly before Hitt was to be released from prison, the State of Texas filed a petition to civilly commit Hitt under the Civil Commitment of Sexually Violent Predators Act (SVP Act). *Id.* at 6. At the conclusion of the trial, the jury unanimously found Hitt suffers from a behavioral abnormality predisposing him to engage in predatory acts of sexual violence. *Id.* The trial court rendered a final judgment adjudicating Hitt to be a sexually violent predator (SVP) under the statute and issued an order of civil commitment mandating Hitt undergo outpatient treatment and supervision until his behavioral abnormality is no longer likely to cause him to engage in predatory acts of sexual violence. *Id.* Hitt underwent outpatient treatment from 2010 to 2015. *Id.* at 6–7.

In 2015, Texas amended the SVP Act. *Id.* Whereas the SVP Act previously provided exclusively for outpatient treatment, the 2015 amendments instated a tiered treatment program providing for both inpatient and outpatient treatment. *Id.* The Texas Civil Commitment Office (TCCO) notified Hitt of the amendments to the SVP Act and informed him he had a right to a hearing regarding the changes to the program. *Id.* Hitt waived his right to a hearing and consented to enter the new, tiered treatment program. *Id.* Accordingly, Hitt's order of civil commitment was amended to reflect the changes implemented by the 2015 amendments to the SVP Act. *Id.* Hitt was also notified that, should he be transferred to inpatient treatment, he

possessed a right to file a petition for release or a petition for transfer to less restrictive supervision. *Id.*

In January 2016, Hitt's case manager discovered Hitt had been "forming a relationship with coworker Maria Lopez" which included intimate physical contact. *Id.* at 8. Hitt's case manager instructed him to avoid all contact with Lopez. *Id.* Hitt alleges that on February 1, 2016, TCCO Executive Director Marsha McLane threated to transfer Hitt into inpatient treatment at the TCCC for having a secret relationship, and on February 12, Hitt was given a polygraph examination to determine whether he had been sexually involved with Lopez. *Id.* Hitt failed the polygraph and was immediately taken into custody by employees of CCRS. *Id.* He was then taken to Travis County Correctional Complex pending transport to the TCCC on February 15, 2016. *Id.* Hitt alleges he never received a due process hearing regarding his confinement at the TCCC. Am. Compl. [#3] at 12–14, 43–45; Obj. [#50] at 6; *see also* Mot. Dismiss [#12] at 2 (making no mention of any due process hearing following Hitt's confinement at the TCCC).

On April 5, 2017, Hitt filed the instant civil rights lawsuit under 42 U.S.C. § 1983 alleging violations of the First, Fourth, Fifth, and Fourteenth Amendments. Compl. [#1]. Hitt also brings state law claims for false imprisonment. Am. Compl. [#3]. Hitt's lawsuit was referred to United States Magistrate Judge Andrew Austin with instructions to resolve all nondispositive motions and, additionally, to issue a report and recommendations with respect to all dispositive motions pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge has now issued his report and recommendations addressing the parties' various pending motions. First, turning to Hitt's motion to amend his complaint, the

Magistrate Judge recommends the Court deny leave to amend on the ground such amendment would be futile. R. & R. [#45] at 13–14. Second, turning to TCSO's motion to dismiss, the Magistrate Judge found TCSO was not a proper party and further found Hitt had conceded the same. *Id.* at 12. Accordingly, the Magistrate Judge recommends TCSO's motion to dismiss be granted and TCSO be dismissed from this action. *Id.* Third, the Magistrate Judge recommends the Court grant Thomas, TCCC, and CCRS's motion to dismiss on the basis Hitt failed to plead sufficient facts to state a claim for relief against those defendants. *Id.* at 15–19.

Finally, the Magistrate Judge addressed McLane's motion to dismiss under Rules 12(b)(1) and 12(b)(6), recommending the motion be granted in part and denied in part. *Id.* at 19. The Magistrate Judge recommends the Court deny McLane's motion to dismiss pursuant to Rule 12(b)(1). *Id.* at 19–33. With respect to McLane's motion to dismiss pursuant to Rule 12(b)(6), the Magistrate Judge recommends the Court grant the motion with respect to Hitt's due process claims under the Fourteenth Amendment as well as Hitt's Fourth Amendment claims for unlawful arrest and false imprisonment. *Id.* However, the Magistrate Judge recommends the Court deny McLane's motion to dismiss under Rule 12(b)(6) with respect to Hitt's First and Fifth Amendment claims as well as Hitt's Fourth Amendment claim to be free from illegal searches of his property. *Id.* at 33–38. Hitt has now filed objections to the Magistrate Judge's report and recommendations. Obj. [#50]. No other defendant has filed timely objections.

The Court shall first address Hitt's objections on a claim-by-claim basis in the order outlined above. It shall then turn to Hitt's motion for partial summary judgment.

## Analysis

### I. Objections to Report and Recommendation

Plaintiffs are entitled to *de novo* review of the portions of the Magistrate Judge's report to which they filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). A party's failure to timely file written objections to the report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Id.*

#### A. Motion to Amend Complaint

Hitt argues the Magistrate Judge erred in recommending the Court deny Hitt's motion to amend his complaint on the ground amendment would be futile. Obj. [#50] at 25–27. Specifically, Hitt argues amendment would not be futile because the parties Hitt seeks to add—the Travis County Commissioners Court and Former Sheriff Greg Hamilton—violated his constitutional right to not be unlawfully confined and detained without probable cause. *Id.*

The Court agrees with the Magistrate Judge that Hitt's motion to amend should be denied because amendment would be futile. Hitt has failed to plead any facts showing these defendants were personally involved in the actions forming the basis of Hitt's complaint. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Hitt has likewise failed to identify a specific policy, custom, or practice observed by either the Travis County Commissioners Court or Former Sheriff Greg Hamilton which might constitute a "moving force" behind the alleged constitutional deprivations complained of by Hitt. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

5

Because Hitt's contemplated amendments would not affect the Court's resolution of the pending motion to dismiss, the Court finds amendment would be futile.

Accordingly, the Court accepts the Magistrate Judge's recommendation and DENIES Hitt's Motion to Amend [#34].

### B. TCSO's Motion to Dismiss

Hitt does not object to the Magistrate Judge's recommendation that TCSO be dismissed from this action. Indeed, Hitt's motion to amend his complaint acknowledges the TCSO is not a proper party. Accordingly, the Court accepts the Magistrate Judge's recommendation and GRANTS TCSO's Motion to Dismiss [#25].

### C. Thomas, TCCC, and CCRS's Motion to Dismiss

Hitt's objections raise no new arguments with respect to the Magistrate Judge's recommendation the Court grant Thomas, TCCC, and CCRS's motion to dismiss. *See* Obj. [#50] at 27–28 (rehashing arguments made in prior response to motion to dismiss). The Court nevertheless reviews this recommendation de novo as well.

#### 1. Federal Claims

The Court finds Hitt has stated a claim against these defendants for false arrest and false imprisonment. Hitt alleges he has been involuntarily detained at the TCCC for over a year without receiving a judicial hearing or any sort of process. Am. Compl. [#3] at 12–14, 43–45; Obj. [#50] at 6. Defendants do not offer any argument in response, and on this record the Court concludes Hitt has stated a plausible claim for relief. *Cf. Jones v. City of Jackson*, 203 F.3d 875, 880–81 (5th Cir. 2000) (holding nine-month detention without proper due process protections violates Fourteenth Amendment); *see generally Jauch v. Choctaw Cty.*, 874 F.3d 425, 429–35

(5th Cir. 2017) (analyzing interplay between Fourth Amendment and Fourteenth Amendment in cases involving improper detention).

Accordingly, the Court DENIES the Motion to Dismiss [#11] with respect to the federal false arrest and false imprisonment claims.

### 2. State Law Claims

The Court finds Hitt has failed to state a claim for relief with respect to his state law claim for false imprisonment. In Texas, the elements of false imprisonment are (1) willful detention, (2) without consent, and (3) without authority of law. *Wal-mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). Hitt alleges he was falsely imprisoned by Thomas, TCCC, and CCRS because these defendants detained him "without a lawful arrest warrant." Resp. Mot. Dismiss [#29] at 4.

Hitt points to no authority suggesting the TCCO is required by Texas law to secure an arrest warrant before detaining a civil committee. In fact, Texas Health and Safety Code §§ 841.0834 and 841.0387 expressly contemplate the ability of the TCCO to detain committed individuals without an arrest warrant when necessary for further treatment and protection of the community. Moreover, § 841.147 grants immunity from liability for good faith conduct to persons providing, contracting, or performing services under Chapter 841. TEX. HEALTH & SAFETY CODE § 841.147. Hitt does not allege Thomas, TCCC, or CCRS acted in bad faith, nor does he explain why they should not be entitled to immunity for actions falling within the scope of § 841.147. *See* Resp. Mot. Dismiss [#29] at 3 (alleging only that Thomas, TCCC, and CCRS "acted on behalf of [McLane] without ascertaining whether their taking Plaintiff into their custody was violative of Plaintiff's civil and federal constitutional rights").

7

In sum, the Court accepts the Magistrate's recommendation and GRANTS Thomas, TCCC, and CCRS's Motion to Dismiss [#11] with respect to the state claims brought against these defendants.

**D.    McLane's Motion to Dismiss**

Hitt brings a variety of claims against McLane under the First, Fourth, Fifth, and Fourteenth Amendment. The Court addresses these claims sequentially in the order addressed in the Magistrate Judge's report and recommendations.

**1.    Fourth Amendment Unlawful Arrest and False Imprisonment Claims**

Hitt brings Fourth Amendment claims for unlawful arrest and false imprisonment against McLane in her official and individual capacities. Am. Compl. [#3] at 11, 13–15.

Hitt has failed to state a claim against McLane in her individual capacity. Hitt has not alleged specific facts indicating McLane was personally involved in the constitutional deprivation complained of by Hitt, nor has Hitt alleged a specific policy or procedure promulgated by McLane might be responsible for the deprivation. *See Thompson*, 709 F.2d at 283 ("Personal involvement is an essential element of a civil rights cause of action."); *see also Brown v. Montoya*, 662 F.3d 1152, 1163–64 (10th Cir. 2011) (noting § 1983 claims brought against government officials in their individual capacities must allege either "personal participation" or "promulgation of a policy"). Because Hitt has failed to allege specific facts in support of his claims against McLane in her individual capacity, those claims must be dismissed.

However, the Court finds Hitt has alleged sufficient facts to state a claim for relief with respect to the claims brought against McLane in her official capacity,. Hitt alleges he has been held for over a year without any sort of judicial hearing. Am. Compl. [#3] at 12–14, 43–45;

Obj. [#50] at 6. The Court finds this allegation is sufficient to state a claim for false imprisonment. *See Jones*, 203 F.3d at 880–81.

Accordingly, the Court accepts in part and rejects in part the Magistrate Judge's recommendation, GRANTS McLane's Motion to Dismiss [#12] with respect to the false arrest and false imprisonment claims brought against McLane in her individual capacity, and DENIES McLane's Motion to Dismiss [#12] with respect to the false imprisonment claim brought against McLane in her individual capacity.[2]

### 2. Fourteenth Amendment Procedural Due Process Claims

Hitt also brings procedural due process claims against McLane in both her official and her individual capacity. Am. Compl. [#3] at 13–15.

With respect to the procedural due process claim brought against McLane in her individual capacity, the Court finds Hitt has not alleged specifics facts indicating McLane was personally involved in the constitutional deprivation complained of by Hitt, nor has Hitt alleged a specific policy or procedure promulgated by McLane might be responsible for the deprivation. *See Thompson*, 709 F.2d at 283; *Brown*, 662 F.3d at 1163–64. For these reasons, Hitt's procedural due process claim brought against McLane in her individual capacity must be dismissed.

With respect to the procedural due process claim brought against McLane in her official capacity, the Magistrate Judge recommends the Court dismiss the claim on the ground Hitt has failed to plead any facts which would establish the statutory procedures utilized by McLane were constitutionally insufficient. R. & R. [#45] at 27. Hitt objects that his transfer within the tiered

---

[2] Hitt does not distinguish between his false arrest and false imprisonment claims, and the Court construes Hitt's complaint as bringing a single claim for false imprisonment against McLane in her official capacity. *See generally Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter.")

9

treatment program from outpatient to inpatient treatment violates procedural due process because Hitt was deprived of a liberty interest in outpatient treatment without due process.³ Obj. [#50] at 9.

In order to make out a procedural due process claim under § 1983, a plaintiff must first allege he has been deprived of a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Jauch*, 874 F.3d at 429–35. The Magistrate Judge did not address whether Hitt has alleged a deprivation of a cognizable liberty interest. For his part, Hitt insists his involuntary detainment and transfer to inpatient treatment at the TCCC constituted a deprivation of liberty. Obj. [#50] at 16. In turn, McLane argues Hitt has no liberty interest in the location of his residence because he has been civilly committed. Mot. Dismiss [#12] at 14.

The Court finds Hitt has adequately alleged deprivation of a protected liberty interest. Like parolees, civil committees may have a liberty interest in remaining free from involuntary confinement. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 885–87 (8th Cir. 2006) (acknowledging placement of civil committee in solitary confinement implicates a protected liberty interest); *see also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9–11 (1979) ("There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires."); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (holding parolee has liberty interest in not having conditional freedom revoked). This is especially so where, as here, the civil committee in question had been undergoing outpatient treatment for almost six years before his detainment and confinement in the Texas Civil Commitment Center for inpatient treatment. Am. Compl. [#3] at 3–5.

---

³ Hitt also objects on the ground "there is no evidence in the record indicating [he] knowingly, voluntarily, and intelligently waived his right to procedural due process" when he consented to inclusion in the tiered treatment program implemented by the 2015 amendments. Obj. [#50] at 10. Hitt provides no authority suggesting the burden of establishing knowing and voluntary consent falls upon the defendant, nor does Hitt actually allege his waiver was coerced, unknowing, or involuntary. Accordingly, the Court overrules this objection.

Irrespective of the presence of Hitt's liberty interest, however, the Magistrate Judge concluded Hitt's procedural due process claim fails as a matter of law because Hitt failed to utilize the postdeprivation procedures provided under state law. R. & R. [#45] at 27. In turn, Hitt contends he was not required to utilize the state's postdeprivation procedures because the procedures are constitutionally inadequate. Obj. [#50] at 16.

The Court finds Hitt need not utilize the state's postdeprivation procedures in order to bring his procedural due process claim. A plaintiff bringing a procedural due process claim "must either avail himself of the remedies guaranteed by state law *or* prove that the available remedies are inadequate." *Hudson v. Palmer*, 104 U.S. 517, 539 (1984) (emphasis added).[4] Yet he need not do both. The Magistrate Judge did not consider the constitutionality of the state procedures, yet insofar as the state procedures are constitutionally insufficient, Hitt was not required to avail himself of the remedies they provided. Therefore, for purposes of the pending motion to dismiss, the question is whether Hitt has adequately alleged the procedural mechanisms provided by the state are constitutionally inadequate.

The Court finds Hitt has adequately alleged the postdeprivation procedures provided by the state are constitutionally inadequate. *See* Obj. [#50] at 13 (alleging McLane unlawfully and indefinitely confined Hitt without a fair and impartial hearing). Moreover, neither the Magistrate Judge nor McLane has addressed the sufficiency of the postdeprivation procedures afforded to Hitt under state law.[5] *See* R. & R. at 27–28; Mot. Dismiss [#15] at 12–15.

---

[4] *See also Zinermon v. Burch*, 494 U.S. 113, 126 (1990) ("[T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.").

[5] McLane's briefing also neglects to address several other potentially problematic aspects of the SVP statute complained of by McLane. For example, McLane cites no legal authority in support of the proposition the TCCO may constitutionally eschew judicial involvement and *sua sponte* issue emergency orders to detain civil committees. *See* § 841.0837(b). In fact, there is no indication in the record the TCCO ever issued the emergency order required to detain Hitt under § 841.0837(b). Mot. Dismiss [#12] at 7. The Court also notes the statutory scheme does not appear to provide for a timely post-detention hearing regarding the continued confinement of the committee but instead foists the burden to petition for a hearing upon the civil committee. *See* TEX. HEALTH &

In sum, the Court accepts in part and rejects in part the Magistrate Judge's recommendation, GRANTS McLane's Motion to Dismiss [#12] with respect to the procedural due process claim brought against McLane in her individual capacity, and DENIES McLane's Motion to Dismiss [#12] with respect to the procedural due process claim brought against McLane in her official capacity.

### 3. Fourteenth Amendment Substantive Due Process Claims

Hitt also objects to the Magistrate Judge's dismissal of his substantive due process claim. Specifically, Hitt argues his confinement in the TCCC violates his substantive due process rights because he has a liberty interest in outpatient treatment. Obj. [#50] at 23. However, Hitt does not explain how the alleged deprivation of this liberty interest might give rise to a substantive due process claim independent of Hitt's procedural due process claim. *Id.* at 23–24.

Accordingly, the Court finds Hitt has failed to state a claim for relief, accepts the Magistrate Judge's recommendation, and GRANTS McLane's Motion to Dismiss [#12] with respect to Hitt's substantive due process claims.

### 4. Remaining Claims

The Magistrate Judge recommended the Court deny McLane's motion to dismiss with respect to Hitt's remaining claims that McLane violated his First Amendment freedom of association, Fifth Amendment right against self-incrimination, and Fourth Amendment right to be free from unreasonable search. R. & R. [#45] at 34–26. Specifically, the Magistrate Judge

---

SAFTEY CODE §§ 841.121–841.124; *cf. Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1969) ("Failure to know of a court proceeding terminating all charges against one held in custody is not, as a matter of law, adequate legal justification for an unauthorized restraint."). Finally, the Court notes the statutory process for reviewing civil committees' petitions for release appears to provide judges with unbridled discretion to deny such petitions even when there is probable cause to believe the committee no longer poses a danger to the public. *See* TEX. HEALTH & SAFTEY CODE § 841.123(d) ("The judge is not required to deny a petition . . . if probable cause exists to believe that the petitioner's behavioral abnormality has changed to the extent that the petitioner is no longer likely to engage in predatory acts of sexual violence.").

stated he was "unable to make any determination" regarding McLane's entitlement to qualified immunity because "McLane failed to sufficiently address the merits" of these claims in her motion to dismiss. *Id.*

The Court finds it was unnecessary for McLane to address the merits of these claims brought against her in her individual capacity because Hitt has failed to carry his burden of refuting McLane's entitlement to qualified immunity. Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to negate the defense. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Therefore, because McLane pleaded qualified immunity in both her answer and her motion to dismiss, the burden lies with Hitt to negate McLane's entitlement to qualified immunity. Answer [#13] at 3; Mot. Dismiss [#12] at 10. Hitt has not met this burden. Specifically, Hitt has failed to show McLane personally engaged in conduct constituting a violation of a federal right or promulgated a policy leading to Hitt's confinement, and he has similarly failed to explain how McLane's conduct might have violated clearly established law.[6] *Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017); *Thompson*, 709 F.2d at 283; *Brown v. Montoya*, 662 F.3d at 1163–64.

Accordingly, the Court GRANTS McLane's Motion to Dismiss [#12] with respect to the claims brought against her in her individual capacity under the First Amendment, Fourth Amendment, and Fifth Amendment. However, because McLane has not addressed the merits of these claims in her motion to dismiss, the Court DENIES McLane's Motion to Dismiss [#12] with respect to the claims brought against McLane in her official capacity.

---

[6] Hitt argues McLane violated clearly established law when she "created [unconstitutional] policies, practices, and procedures. Resp. Mot. Dismiss [#28] at 14. This conclusory assertion is entitled to no weight. *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (holding plaintiff must plead "specific facts, not mere conclusory allegations").

## II. Motion for Partial Summary Judgment

Subsequent to defendants' various motions to dismiss but prior to issuance of the report and recommendations by the Magistrate Judge, Hitt filed a motion for partial summary judgment. *See* Mot. Summ. J. [#43]. In light of this order accepting in part and rejecting in part the report and recommendations of the Magistrate Judge, the Court DENIES Hitt's Motion for Partial Summary Judgment [#43] without prejudice to refiling in order to allow the parties to take into account the rulings made herein.

## Conclusion

In sum, the Court accepts in part and rejects in part the Magistrate Judge's Report and Recommendations [#45]. Following the issuance of this order, Hitt's remaining claims are as follows: (1) federal false imprisonment claims brought against Thomas, TCCC, and CCRS; (2) a federal false imprisonment claim brought against McLane in her official capacity; (3) a Fourteenth Amendment procedural due process claim brought against McLane in her official capacity; (4) a First Amendment freedom of association claim brought against McLane in her official capacity; (5) a Fifth Amendment self-incrimination claim brought against McLane in her official capacity; and (6) a Fourth Amendment unreasonable search claim brought against McLane in her official capacity.

Accordingly,

IT IS ORDERED the Magistrate Judge's Report and Recommendations [#45] is ACCEPTED IN PART and REJECTED IN PART as described in this opinion; and

IT IS FURTHER ORDERED Hitt's Motion for Extension of Time to File Objections [#48] is DENIED as moot; and

IT IS FURTHER ORDERED Hitt's Motion to Amend Complaint [#34] is DENIED; and

IT IS FURTHER ORDERED TCSO's Motion to Dismiss [#25] is GRANTED; and

IT IS FURTHER ORDERED Thomas, TCCC, and CCRS's Motion to Dismiss [#11] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FURTHER ORDERED McLane's Motion to Dismiss [#12] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FINALLY ORDERED Hitt's Motion for Partial Summary Judgment [#43] is DISMISSED without prejudice to refiling.

SIGNED this the 11th day of March 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE